UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON AND CHRISTINE HALL | CIVIL ACTION |
| VERSUS | NO: 08-4065 |
| FOREMOST INSURANCE GROUP, ET AL | SECTION: "S" (1) |

## ORDER AND REASONS

The motion to remand (Doc. #3) filed on behalf of the plaintiffs Jason and Christine Hall is **GRANTED.**

### BACKGROUND

This is a Katrina insurance dispute which was removed to this court.

Plaintiffs seek homeowner's insurance proceeds, penalties and attorney's fees under a policy issued to plaintiffs by defendant Foremost Insurance Group, a foreign insurer authorized to do business in Louisiana,[1] for their mobile home located at 387 Woodhaven Dr., Slidell, Louisiana. Plaintiffs allege that policy limits for the dwelling are $41,368, for contents $10,300 and for additional living expenses are $8,274; and that Foremost has tendered $7,000.

---

[1] Plaintiffs also named as defendant Eleanor Louise Hudson, a resident of Mississippi and the alleged agent for Foremost; Hudson was not served.

Defendant Foremost asserts that this court has diversity jurisdiction under 28 U.S.C. §1332 because the parties are diverse and because the amount in controversy exceeds $75,000, as indicated by plaintiff's response to a request for admission.[2]

Plaintiff claims that plaintiff's petition on its face does not meet the jurisdictional amount and that counsel for plaintiffs misunderstood the awkwardly framed request for admission and answered incorrectly.

## ANALYSIS

**1. Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[3]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are counts of limited jurisdiction, that removal statutes should be strictly construed.[4] Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[5]

---

[2] Defendant asserts that plaintiffs denied Defendant's Request for Admission No. 1 which states "[p]lease admit or deny that plaintiffs' claim is less than $75,000 exclusive of interest and costs."

[3] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[4] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages. The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[6] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[7]

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.[8] If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.[9]

## 2. Motion to Remand

Defendant argues that removal was appropriate because, in plaintiffs' response to its request for admission, plaintiffs denied that the claim was for less than $75,000. Defendant points out further that plaintiffs have refused to sign a stipulation relative to their claim. Plaintiff argues that

---

[6] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

[7] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, , 1335 (5th Cir. 1995).

[8] *Allen*, 63 F.3d at 1336.

[9] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 U.S. 865 (1995).

3

on its face, their petition does not support the jurisdictional amount.[10]

The underlying petition does not allege a specific amount of damages. However, the petition alleges on its face, that policy limits are for the dwelling $41,368, for contents $10,300 and for additional living expenses $8,274. Thus, the total policy limits, as alleged by plaintiffs, are $59,942. Because Foremost's insurance policy limits its liability to a sum below the jurisdictional threshold, the defendant cannot establish, as the defendant must to prevent remand, that the amount in controversy exceeds $75,000. The disputed response to the request for admission does not change this result.[11] Under these circumstances, the court concludes that the defendant has not established that the amount in controversy exceeds $75,000. Therefore, this court lacks diversity jurisdiction, and the motion to remand is **GRANTED.**

New Orleans, Louisiana, this 2 day of October, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[10] Plaintiffs also argue that the removal was untimely; however, because this court finds that defendant has not established that the amount in controversy exceeds $75,000, the court need not address this issue.

[11] See Hartford Ins. Group, 293 F.3d at 911.